pended to the agreement. His contention that McGrath failed to submit written statements at least every 60 days, as the retainer agreement provided for, is also unavailing, since by failing to object to any of her bills until after he discharged her in July 2008, he waived his right to be billed at least every 60 days (*see Johnner v Mims*, 48 AD3d 1104 [2008]). Concur—Andrias, J.P., Friedman, McGuire, Acosta and DeGrasse, JJ.

■ In the Matter of CEDRIC SAUNDERS, Petitioner, v STEVEN BARRETT et al., Respondents. [903 NYS2d 297]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Andrias, J.P., Friedman, McGuire, Acosta and DeGrasse, JJ.

■ In the Matter of MICHAEL BONANO, Petitioner,· v RICHARD D. CARRUTHERS et al., Respondents. [903 NYS2d 297]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Andrias, J.P., Friedman, McGuire, Acosta and DeGrasse, JJ.

(July 6, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SANTANA, Appellant. [904 NYS2d 661]—Judgment, Criminal Division of the Supreme Court, Bronx County (Peter J. Benitez, J.), rendered September 6, 2006, convicting defendant, after a nonjury trial, of attempted aggravated harassment in the second degree (11 counts), attempted criminal trespass in the second degree, attempted criminal contempt in the second degree and harassment in the second degree, and sentencing him to an aggregate term of 90 days, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning credibility. The victim's testimony was extensively corroborated by